# United States Court of Appeals
## For the First Circuit

No. 09-2186

GREGORIO IGARTÚA, ET AL.,

Plaintiffs, Appellants,

v.

UNITED STATES OF AMERICA, ET AL.,

Defendants, Appellees.

Before

Lynch, Chief Judge,
Torruella and Lipez, Circuit Judges.

Order of Court
Entered: February 18, 2011

The Commonwealth of Puerto Rico's motion for leave to intervene is allowed, and its petition for rehearing en banc is accepted for filing. We also allow the requests of Seth P. Waxman, Paul R.Q. Wolfson, and Mark C. Fleming for leave to file notices of appearance on behalf of the Commonwealth.

**LYNCH, Chief Judge**, dissenting from the allowance of intervention by the Commonwealth of Puerto Rico. Everyone, including this court, has agreed to hear the views of the Commonwealth of Puerto Rico in this matter. The panel allowed the Commonwealth to express its views both in briefing and at oral argument as an amicus curiae. Both parties agree to the Commonwealth's continued participation as an amicus on plaintiff Gregorio Igartúa's petition for rehearing en banc. So the question is not whether the Commonwealth can participate and thereby

vindicate its stated intention to ensure a high level of representation. Rather, the question is whether the Commonwealth's motion to intervene should be allowed, which is a very different matter.

Allowing intervention at this late stage in the litigation is mistaken, even if it is within this panel's discretion. The Commonwealth filed its motion to intervene after the panel issued an opinion in this matter and after Igartúa filed a petition for rehearing en banc. The Commonwealth's motion is opposed by the defendant United States and associated officials as well as Igartúa, the party on whose behalf the Commonwealth seeks to intervene. It is entirely unprecedented and contrary to normal legal requirements for intervention to allow the Commonwealth to intervene under these circumstances.

At this stage it is sufficient to outline briefly my reasons for objecting. First, the Commonwealth lacks Article III standing and the Commonwealth's lack of standing should mean that it not be allowed to intervene. Second, allowance of intervention would be improper under normal intervention standards because the Commonwealth's motion is too late and may cause prejudice. Finally, there is absolutely no reason to create an exception to the law to permit this extraordinary and unprecedented measure.

1. Neither Puerto Rico nor any state has standing to represent its citizens as parens patriae in litigation against the United States. See Florida v. Mellon, 273 U.S. 12, 18 (1927); Massachusetts v. Mellon, 262 U.S. 447, 485-86 (1923).

The Commonwealth seeks to evade these principles of federalism by arguing that this case is analogous to cases like Utah v. Evans, 536 U.S. 452 (2002), and Department of Commerce v. Montana, 503 U.S. 442 (1992). It is not. The Commonwealth does not seek to vindicate a recognized state interest like proper apportionment. Rather, it seeks to vindicate its view that the Constitution permits Congress, should Congress so choose, to extend voting rights to U.S. citizen-residents of non-states and that Congress has done so here.

Whether or not intervenors must have Article III standing, see Diamond v. Charles, 476 U.S. 54, 68-69 (1986); Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 109 (1st Cir. 1999), in cases such as this, in which a court is asked to interpret the very structure of the Constitution, a state or territory that seeks to intervene at the appellate level should be required to meet Article III standing requirements.

2. Under Fed. R. Civ. P. 24(b), the Commonwealth's motion to intervene would be denied because the motion comes too late and may prejudice the adjudication of rights asserted by the parties.

As to delay, the Commonwealth did not seek intervention in the district court or before the panel. Rather, it waited until its view had not prevailed before the panel, then waited until Igartúa had filed for rehearing en banc, and then waited longer before filing its motion.

As to prejudice, the Commonwealth's claim that no prejudice would be caused by its intervention is belied by its own motion. It says that the "Commonwealth has substantial interests in the outcome of this case," which are separate from those of its residents. It identifies one interest as "the full representation of its residents in the House of Representatives." That is a new issue in this case, which was not presented to either the district court or the panel. This attempt to add a new plaintiff who raises new issues at this late stage in the litigation blatantly fails the prejudice test. See Navieros Inter-Americanos, S.A. v. M/V Vasilia Express, 120 F.3d 304, 321 (1st Cir. 1997).

3. Here, allowance of intervention is an extraordinary step. The Commonwealth cites no case in which appellate intervention was allowed after an appellate panel issued its decision and there was a pending petition for rehearing from a party.[1] It gives no persuasive argument to

---

[1] The Commonwealth's attempted reliance on related litigations involving plaintiff Igartúa is unavailing. As the Commonwealth notes, it was allowed to intervene in Igartua de la Rosa v. United States, 229 F.3d 80, 82-83 (1st Cir. 2000). Not only was that intervention unopposed, however, it was granted by the district court, not a panel of this court. In the most recent round of

justify this step. The Commonwealth may adequately fulfill its interests in its current amicus participation. See Daggett, 172 F.3d at 113.

Allowance of intervention presents a host of new problems which further complicate this litigation. The Commonwealth assumes that if it is allowed to intervene it will have the right to file its own petition for rehearing en banc and to petition for certiorari. It does not, in my view, follow that if the Commonwealth is permitted to intervene here it may file its own separate petition for rehearing or certiorari. The Commonwealth has not briefed these complex issues to us. Even as an intervenor, the Commonwealth will continue to lack Article III standing.

Moreover, as to certiorai, there is no reason to think Igartúa will not petition; he has already petitioned for rehearing en banc and has petitioned for certiorari in past iterations of related litigations. See Igartúa-de la Rosa v. United States, 417 F.3d 145 (1st Cir. 2005) (en banc), cert. denied, 547 U.S. 1035 (2006); Igartua De La Rosa v. United States, 32 F.3d 8 (1st Cir. 1994), cert. denied, 514 U.S. 1049 (1995).

The grant of intervention is improvident.

By the Court:
/s/ Margaret Carter, Clerk


cc: Hon. Jay A. García-Gregory, Ms. Frances de Moran, Clerk, United States District Court for the District of Puerto Rico, Ms. Singer, Mr. Aldardondo-Ortiz, Mr. Igartua, Mr. Aliff-Ortiz, Mr. Riess, Mr. Wolfson & Mr. Freeman.

---

litigation prior to this one, the Commonwealth participated as an amicus. See Igartúa-de la Rosa v. United States, 417 F.3d 145 (1st Cir. 2005) (en banc).